IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MAURICE DEAN BALLARD,

           Petitioner,

v.

SCOTT CROW, DOC Director,

           Respondent.

Case No:  20-CV-186-JFH-KEW

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations [Dkt. No. 6]. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his conviction and life sentence in Muskogee County District Court Case No. CF-2016-252 for Assault and Battery with a Dangerous Weapon, After One Former Felony Conviction.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Petitioner has not filed a response to Respondent's motion.

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's Judgment and Sentence was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") in *Ballard v. State*, No. F-2017-795 (Okla. Crim. App. Oct. 18, 2019) [Dkt. No. 7-2]. His conviction, therefore, became final on January 16, 2019, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on January 17, 2019, and absent statutory or equitable tolling, it expired on January 17, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Therefore, the statute ran from January 17, 2019, until October 21, 2019, when Petitioner fled his application for post-

conviction relief in the trial court [Dkt. No. 7-3]. The statute then was tolled for 131 days until the OCCA affirmed the denial of Petitioner's post-conviction appeal on February 28, 2020 in Case No. PC 2019-0928 [Dkt. No. 7-6].[1] Petitioner's time again ran until April 23, 2020, when Petitioner filed in the trial court a motion for sentence modification [Dkt. No. 7-7],[2] which was denied by the trial court on April 29, 2020 [Dkt. No. 7-8].

Adding the 131 days of tolling from Petitioner's post-conviction proceedings and the seven days of tolling from his motion for sentence modification, Petitioner's deadline was extended 138 days from January 17, 2020, until June 4, 2020. Petitioner's habeas corpus petition [Dkt. No. 1], filed on June 18, 2020, was untimely.[3]

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare

---

[1] *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (stating that "tolling calculations should take into account both the day tolling began and the day tolling ended").

[2] The Tenth Circuit Court of Appeals assumed in an unpublished 2016 decision that a motion filed under Okla. Stat. tit. 22, § 982a qualifies for tolling under 28 U.S.C. § 2244(d)(2), while acknowledging that the issue is unresolved in this circuit. *See Randall v. Allbaugh*, No. 16-5109, 2016 WL 5416361, at *2 n.3 (10th Cir. Sept. 27, 2016) (unpublished) (comparing *Doby v. Dowling*, No. 15-6108, 632 F. App'x 485, 488 (10th Cir. 2015) (unpublished), assuming that a Section 982a motion tolls the limitations period, with *Nicholson v. Higgins*, No. 05-7032, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished), stating that Section 982a does not toll the limitations period, but holding petition untimely regardless).

[3] "Under the federal mailbox rule, a pro se prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). It is the prisoner's burden, however, to establish the date on which he gave his papers to prison officials for filing. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. (2005) (citation omitted). To satisfy his burden the prisoner must either allege and prove that he used the prison legal mail system or submit a declaration under penalty of perjury or notarized statement attesting the date on which the papers were delivered and that first-class postage was prepaid. *Id*. at 1165-66. Petitioner has made no attempt to satisfy either requirement. He does not allege or prove that he used the prison legal mail system, nor does he include an affidavit or declaration attesting the date on which he delivered the petition to prison officials and that first-class postage was prepaid. Petitioner, therefore, is not entitled to the benefit of the prison mailbox rule, and the filing date controls. *See id*. at 1167.

and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Petitioner carries the burden of establishing equitable tolling, *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008).  Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).  Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**THEREFORE,** Respondent's motion to dismiss time-barred petition [Dkt. No. 6] is **GRANTED**, and Petitioner is **DENIED** a certificate of appealability.

**IT IS SO ORDERED** this 24th day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE